# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
## CENTRAL DIVISION

| | |
|---|---|
| In re: ) | |
| ) | |
| ANDREW JASON DOPPELT, ) | Case No. 16-20069 drd7 |
| ) | |
| Debtor. ) | |
| _____ ) | |
| ) | |
| Andrew Jason Doppelt, ) | |
| ) | |
| Plaintiff, ) | Adversary Proceeding No. _____ |
| vs. ) | |
| ) | |
| Access MD, LLC, d/b/a ) | |
| Trinity School of Medicine, ) | |
| ) | |
| Southcrest Bank, NA, ) | |
| ) | |
| and ) | |
| ) | |
| SouthEast Bank, NA, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT TO DETERMINE DISCHARGEABILITY
## OF EDUCATIONAL LOANS

COMES NOW the plaintiff, Andrew Jason Doppelt, Debtor in the above-styled chapter 7 bankruptcy proceeding, by and through his undersigned counsel, and for his Complaint, states and avers the following:

### Preliminary Statement

1. During the years 2009 through 2012, Plaintiff completed a course of study, and obtained a degree in medicine at the Trinity School of Medicine in St. Vincent, which is located in the West Indies. He borrowed approximately $472,000.00 from private lenders to pay the costs of

1

attending that school. Plaintiff brings this action to obtain a Court determination that the exceptions to discharge set forth in 11 U.S.C. § 523(a)(8) do not apply to his student loans.

## Jurisdiction and Venue

2. This is a proceeding to determine the dischargeability of debts, and to obtain a declaratory judgment relating to the dischargeability of debts. It is therefore an adversary proceeding under Rules (6) and (9) of the Federal Rules of Bankruptcy Procedure.

3. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I), over which this Court has jurisdiction pursuant to 28 U.S.C. §§ 157(a) and (b)(1), and a civil proceeding arising in a case under Title 11, over which this Court has jurisdiction under 28 U.S.C. § 1334(b).

4. Venue is proper under 28 U.S.C. § 1409(a).

## Parties

5. Defendant Access MD, LLC is a Limited Liability Company incorporated under the laws of the state of Georgia. Its principal administrative offices are located at 5755 North Point Parkway, Suite 230, Alpharetta, Georgia 30022. Upon information and belief, at all times pertinent hereto, Access MD, LLC did business under the name, Trinity School of Medicine, and owned and operated the school bearing the same name, where Plaintiff attended school. Steven R. Wilson is the president and CEO of Access MD, LLC.

6. Defendant Southcrest Bank, NA is an FDIC insured depository institution, with headquarters at 2955 State Bridge Road, Ste. 100, Duluth, Georgia 30097. Upon information and belief, it is the successor in interest to Plaintiff's original lender, Century Security Bank.

7. Defendant SouthEast Bank, NA f/k/a SouthEast Bank & Trust, is an FDIC insured depository institution, with headquarters at 12700 Kingston Pike, Farragut, Tennessee 37934.

2

Upon information and belief, it is the successor in interest to Plaintiff's original lender, Community Bank of the Cumberlands.

## Loan Servicing Agencies Receiving Notice

8. Notice is being provided as a courtesy to Student Loan Finance Corporation, which was the originally designated loan servicing agent on all of Plaintiff's educational loans. It currently maintains offices at 124 South First Street, Aberdeen, South Dakota 57401-4107.

9. Notice is also being provided as a courtesy to ReliaMax Lending Services, LLC, which is currently servicing two of Plaintiff's educational loans that were originally made by Community Bank of the Cumberlands. This servicer's current mailing address is P.O. Box 91910, Sioux Falls, South Dakota 57109-1910.

## Service of Process and Notice

10. Service on Defendant Access MD, LLC will be made by first class mail, as follows:

Steven R. Wilson, President and CEO
Access MD, LLC
5755 North Point Parkway, Ste. 230
Alpharetta, GA   30022

11. Since Defendants Southcrest Bank, NA and SouthEast Bank, NA are insured depository institutions, service of process on these defendants shall be by certified mail addressed to officers of the institutions, pursuant to Fed R. Bankr. P. 7004(h), as follows:

Brian D. Schmitt, CEO and President
SouthCrest Bank, N.A.
105 St. Stephens Court, Ste. A
Tyrone, GA   30290

President and CEO
SouthEast Bank, N.A.
12700 Kingston Pike
Farragut, TN   37934

12. Notice to loan servicers Student Loan Finance Corporation and ReliaMax Lending Services, LLC will be by service of a copy of the summons and complaint by first class mail to the attention of an officer, or a managing or general agent, pursuant to the rule for service on general corporations, Fed. R. Bankr. P. 7004(b)(3), as follows:

> Student Loan Finance Corporation
> 124 South First Street
> Aberdeen, South Dakota 57401-4107
>
> ReliaMax Lendind Services, LLC
> P.O. Box 91910
> Sioux Falls, South Dakota 57109-1910.

## **Plaintiff's Educational Loans**

13. From 2009 to 2014, Plaintiff attended and completed a course of medical studies at Trinity School of Medicine, where he graduated with a degree in medicine.   To finance his studies at Trinity School of Medicine, Plaintiff obtained the following loans:

| Lenders | Original Loan Amounts |
|---|---|
| Access MD, LLC d/b/a Trinity School of Medicine | $89,772.00 |
| Century Security Bank | $99,132.00 |
| Community Bank of the Cumberlands | $200,000.00 |
| SouthEast Bank & Trust | $83,837.00 |
| Total | $472,741.00 |

14. Said loans currently have unpaid balances that include the aforesaid principal amounts, plus interest and possibly late fees.   The total amounts due and owing are unknown to the plaintiff at the time of filing of this Complaint.

15. Trinity School of Medicine is an offshore private educational institution, with its primary campus in Kingstown, St. Vincent, West Indies.   The school is accredited only by a Caribbean

Accreditation Authority and the National Accreditation Board of the Government of St. Vincent and the Grenadines.

16. None of the above-described original lenders is a governmental unit or nonprofit institution, and none of Plaintiff's educational loans were funded in whole or in part by any governmental unit or nonprofit institution.

## Legal Authorities

17. Applicable Statutory Provision:   11 U.S.C. § 523(a)(8) provides exceptions to discharge for three types of debts.   Those exceptions are set forth in the following subsections:

> (A)(i) an educational benefit overpayment or loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution; or
>
> (A)(ii) an obligation to repay funds received as an educational benefit, scholarship or stipend, or
>
> (B) any other educational loan that is a qualified education loan, as defined in section 221(d)(1) of the Internal Revenue Code of 1986, incurred by a debtor who is an individual.

18. Burden of Proof:   The burden to establish that an education loan is a "qualified education loan" as defined in § 221(d)(1) of the Internal Revenue Code is on the lender.   *In re Rumer*, 469 B.R. 553, 562 (Bankr. M.D. Pa. 2012).   *In re Brown*, 539 B.R. 853, 857(Bankr. S.D. 2015).

19. Standard of Proof:   To establish that a debt is excepted from discharge under section 523(a), the creditor must prove the necessary elements by clear and convincing evidence.   *Matter of Van Horne*, 823 F.2d 1285, 1287 (8th Cir. 1987).   *In re Garner*, 881 F.2d 579, 581-582 (8th Cir. 1989).

20. Applicable Rule of Construction:   Exceptions to discharge must be interpreted narrowly.

*Kawaauhau v. Geiger*, 523 U.S. 57, 62, 118 S.Ct. 974, 140, 140 L.Ed.2d 90 (1998).  *Matter of Van Horne, supra,* pp. 1287-88.

## Basis for Claim of Nondischargeability

21. Plaintiff submits that the educational loans he obtained from Defendants, and their predecessors in interest, do not fall within any of the three exceptions to discharge provided in section 523(a)(8), for the following reasons:

(a)  The loans do not fall within the first exception, § 523(a)(8)(A)(i), because that exception applies only to loans made, insured or guaranteed by a governmental unit, or made under a program funded in whole or in part by a governmental unit or nonprofit institution. None of the Plaintiff's lenders was a governmental unit or nonprofit institution.  Nor were any of the loans insured or guaranteed by a governmental unit, or made under any program funded in part by a governmental institution.

(b) The loans do not fall within the second exception, § 523(a)(8)(A)(ii), because that exception applies only to educational benefits scholarships or stipends.  None of Plaintiff's loans constitute an educational benefit,[1] scholarship or stipend.

(c) The loans do not fall qualify under the third exception, § 523(a)(8)(B), because that exception applies only to a loan that is a "qualified education loan," as defined in § 221(d)(1) of the Internal Revenue Code.  The following paragraphs demonstrate that none of Plaintiff's loans is a "qualified education loan," as defined in said IRC provision.

---

1. Plaintiff submits that the better reasoned cases hold that he term "educational benefit" contained in 523(a)(8)(A)(ii) does not encompass loans.  The term appears to be limited to benefits, such as scholarships or grants "that must be repaid only on certain conditions (like the failure of a medical student grant recipient to practice in a physician shortage area after graduation.)"  *In re Scott*, 287 B.R. 470, 474 (Bankr. E.D. Mo. 2002), *In re Decena*,  pp. 10-12, Case No. Adv. Proc. 15-8275-reg (E.D. N.Y. 2016).

**IRC Definition of Qualified Education Loan**

22. IRC § 221(d)(1) defines the term, "qualified education loan" as a debt incurred by the taxpayer to pay "qualified higher education expenses."

23. IRC § 221(d)(2) provides that the words, "qualified higher education expenses" mean the cost of attendance at an "eligible educational institution."

24. IRC § 25A(f)(2) defines "eligible educational institution" as (A) an institution described in section 481 of the Higher Education Act of 1965 (20 U.S.C. § 1088), and (B) which is eligible to participate in a program under Title IV of such Act.

25. When said loans were made, Trinity Medical School was not eligible to participate in a program under Title IV of the Higher Education Act of 1965 (20 U.S.C. § 1088), and was therefore not an "eligible educational institution" within the meaning of IRC § 25(A)(f)(2). For that reason alone, any loan to attend that school was not a "qualified education loan" under IRC § 221(d)(1).

26. The institution described in 20 U.S.C. § 1088 is described in subsection (b) as one that offers an "eligible program." Subsections (b)(1) and (b)(2)(A) describe the requirements applicable to a professional program, such as medical school. Those requirements include, *inter alia*, a verified placement rate of at least 70 percent, as determined in accordance with the regulations of the Secretary [of Education].

27. When said loans were made, Trinity Medical School did not have a verified placement rate of at least 70 percent, as determined in accordance with the regulations of the Secretary of Education, and therefore failed to meet the requirements of an "eligible program," as defined by 20 U.S.C. § 1088.

28. Therefore, none of Defendants' loans to Plaintiff to is a "qualified education loan," within

the meaning of 11 U.S.C. § 523(a)(8)(B).

## CONCLUSION

29. It follows that none of said loans qualify for exception to discharge under any of the three subsections to 11 U.S. C. § 523(a)(8).

WHEREFORE, Plaintiff prays that this Court issue a Summons to be served upon the Defendants in accordance with Bankruptcy Rule 7004, and, after service and an opportunity for a hearing, enter an Order determining that Plaintiff's obligations to Defendants do not fall within the exceptions to discharge provided by 11 U.S.C. § 523(a)(8), and for such other Orders as the Court shall deem meet and just in the premises.

                                      BOUL & ASSOCIATES, P.C.

Dated: August 10, 2016              /s/    Harry D.  Boul
                                      Harry D. Boul, MoBar #23181
                                      One E. Broadway, Ste. B
                                      Columbia, MO 65203
                                      Phone: 573-443-7000
                                      Fax: 573-449-6554
                                      E-mail: hboul@earthlink.net

                                      ATTORNEYS FOR PLAINTIFF
                                      ANDREW JASON DOPPELT