# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| **In Re:** ) | |
| ) | **Chapter 7** |
| **ANDREW JASON DOPPELT,** ) | Case No. 16-20669 drd7 |
| ) | |
| Debtor. ) | |
| _____) | |
| ) | |
| **ANDREW JASON DOPPELT,** ) | |
| ) | |
| Plaintiff, ) | Adversary Proceeding |
| ) | No. 16-02017-drd |
| ) | |
| v. ) | |
| ) | |
| **ACCESS MD, LLC, d/b/a TRINITY SCHOOL** ) | |
| **OF MEDICINE, SOUTHCREST BANK, NA,** ) | |
| **and SOUTHEAST BANK, NA,** ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## ANSWER OF DEFENDANT ACCESS MD, LLC

COMES NOW Defendant ACCESS MD, LLC (sometimes referred to hereinafter as "Defendant"), by and through counsel, and for its Answer to the Complaint to Determine Dischargeability of Educational Loans (the "Complaint"), filed by Debtor/Plaintiff, Andrew Jason Doppelt ("Plaintiff"), in the above-captioned adversary proceeding, states to the Court as follows:

### Preliminary Statement

1.      Responding to the allegations in paragraph one of the Complaint, Defendant admits that on September 7, 2009, Plaintiff entered Trinity School of Medicine ("Trinity") as a medical student; that he pursued a course of study at Trinity; that he graduated from Trinity, with a degree

in medicine, on April 30, 2015; and that Trinity is in St. Vincent, West Indies. Defendant further admits that Plaintiff borrowed money to pay the costs of attending Trinity, but Defendant lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations as to the total amount, and the sources, of all of his educational loans. Defendant further admits that Plaintiff has brought this adversary proceeding pursuant to 11 U.S.C. § 523(a)(8). Except as expressly admitted herein, Defendant denies the allegations in paragraph one of the Complaint.

### Jurisdiction and Venue

2.      Responding to the allegations in paragraph two of the Complaint, Defendant admits that this adversary proceeding is a proceeding to determine the dischargeability of certain debts, and that this adversary proceeding is governed by the applicable provisions of the Federal Rules of Bankruptcy Procedure. Except as expressly admitted herein, Defendant denies the allegations in paragraph two of the Complaint.

3.      Defendant admits the allegations in paragraph three of the Complaint.

4.      Defendant admits the allegations in paragraph four of the Complaint.

### Parties

5.      Responding to the allegations in paragraph five of the Complaint, Defendant admits that ACCESS MD, LLC is a limited liability company organized and existing under the laws of the State of Georgia; that the address of its principal office is 5755 North Point Parkway, Suite 230, Alpharetta, Georgia 30022; and that Steven R. Wilson is its President. Defendant denies that ACCESS MD, LLC does business under the name Trinity School of Medicine. Defendant further denies that ACCESS MD LLC owns and operates Trinity. Defendant states that it has a contractual

Document Page 3 of 9

agreement with Trinity to perform certain tasks and functions for Trinity, including accounting, registrar, bursar, marketing, recruiting, purchasing, shipping, and payroll for U.S. employees. Except as expressly admitted herein, Defendant denies the allegations in paragraph five of the Complaint.

6. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph six of the Complaint.

7. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph seven of the Complaint.

**Loan Servicing Agencies Receiving Notice**

8. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph eight of the Complaint.

9. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph nine of the Complaint.

**Service of Process and Notice**

10. Responding to the allegations in paragraph 10 of the Complaint, Defendant admits that Plaintiff served process on Defendant in the manner described in paragraph 10.

11. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 11 of the Complaint.

12. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 12 of the Complaint.

**Plaintiff's Educational Loans**

{00807423.DOCX / }

13. Responding to the allegations in paragraph 13 of the Complaint, Defendant admits that from 2009 to 2015, Plaintiff attended and completed a course of medical studies at Trinity, from which he graduated with a degree in medicine. Defendant also admits that Plaintiff obtained certain educational loans from Defendant, but Defendant states that such loans have been paid off through Plaintiff's refinancing of such loans with other lenders, and, accordingly, that Plaintiff does not owe any money to Defendant, or to Trinity, on account of such loans, or otherwise. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 13 of the Complaint regarding educational loans to Plaintiff from lenders other than Defendant. Except as expressly admitted herein, Defendant denies the allegations in paragraph 13 of the Complaint.

14. Responding to the allegations in paragraph 14 of the Complaint, Defendant denies that there is any unpaid balance due and owing from Plaintiff to Defendant, or to Trinity, on account of any educational loans, or otherwise. Defendant lacks knowledge or information sufficient to form a belief about the truth of the other allegations in paragraph 14 of the Complaint. Except as expressly admitted, herein, Defendant denies the allegations in paragraph 14 of the Complaint.

15. Responding to the allegations in paragraph 15 of the Complaint, Defendant admits the allegations in the first sentence of paragraph 15. With regard to the allegations in the second sentence of paragraph 15, Defendant admits that Trinity is accredited by CAAM-HP and by the National Accrediting Board of St. Vincent and the Grenadines. Defendant states that the United States acknowledges that these accreditation standards are sufficient to allow Trinity students to

apply for residency placement through the match in the United States. Furthermore, CAAM-HP is recognized by the NCFMEA of the United States, which has accepted CAAM-HP's accreditation as equal to the LCME of the United States for U.S. medical schools. CAAM-HP approved schools and countries are allowed to participate in funding or recognition under Title IV of the Higher Education Act of 1965, as desired. Except as expressly admitted herein, Defendant denies the allegations in paragraph 15 of the Complaint.

16. Responding to the allegations in paragraph 16 of the Complaint, Defendant admits that it is not a governmental unit or nonprofit institution, and that its educational loans to Plaintiff were not funded in whole or in part by any governmental unit or nonprofit institution. However, Defendant states that the educational loans that it made to Plaintiff have been paid off through Plaintiff's refinancing of such loans with other lenders, and, accordingly, that Plaintiff does not owe Defendant, or Trinity, any money on account of such loans, or otherwise. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 16 of the Complaint regarding the lenders other than Defendant. Except as expressly admitted herein, Defendant denies the allegations in paragraph 16 of the Complaint.

### Legal Authorities

17. Responding to the allegations in paragraph 17 of the Complaint, Defendant admits that the provisions of 11 U.S.C. § 523(a)(8) govern exceptions to discharge for certain types of debts, and Defendant states that the provisions of Section 523(a)(8) speak for themselves. Except as expressly admitted herein, Defendant denies the allegations in paragraph 17 of the Complaint.

18. To the extent that the allegations in paragraph 18 of the Complaint, which constitute legal arguments and conclusions, may require any response, Defendant denies such allegations.

19. To the extent that the allegations in paragraph 19 of the Complaint, which constitute legal arguments and conclusions, may require any response, Defendant denies such allegations.

20. To the extent that the allegations in paragraph 20 of the Complaint, which constitute legal arguments and conclusions, may require any response, Defendant denies such allegations.

## Basis for Claim of Nondischargeability

21. Defendant denies the allegations in paragraph 21 of the Complaint. Furthermore, Defendant states that Plaintiff does not owe Defendant, or Trinity, any money on account of the educational loans that Defendant made to Plaintiff, or otherwise. Accordingly, there is no debt that is due and owing from Plaintiff to Defendant, or to Trinity, that could be discharged, or excepted from discharge, in Plaintiff's Chapter 7 bankruptcy case, through the adjudication of this adversary proceeding.

## IRC Definition of Qualified Education Loan

22. To the extent that the allegations in paragraph 22 of the Complaint, which constitute legal arguments and conclusions, may require any response, Defendant denies such allegations.

23. To the extent that the allegations in paragraph 23 of the Complaint, which constitute legal arguments and conclusions, may require any response, Defendant denies such allegations.

24. To the extent that the allegations in paragraph 24 of the Complaint, which constitute legal arguments and conclusions, may require any response, Defendant denies such allegations.

{00807423.DOCX / }

25. To the extent that the allegations in paragraph 25 of the Complaint, which constitute legal arguments and conclusions, may require any response, Defendant denies such allegations.

26. To the extent that the allegations in paragraph 26 of the Complaint, which constitute legal arguments and conclusions, may require any response, Defendant denies such allegations.

27. To the extent that the allegations in paragraph 27 of the Complaint, which constitute legal arguments and conclusions, may require any response, Defendant denies such allegations.

28. Defendant denies the allegations in paragraph 28 of the Complaint.

## CONCLUSION

29. Defendant denies the allegations in paragraph 29 of the Complaint.

30. Defendant denies that Plaintiff is entitled to the relief requested in the prayer for relief following paragraph 29 of the Complaint.

31. Defendant denies each and every allegation of the Complaint that Defendant has not expressly admitted herein.

WHEREFORE, having fully answered the Complaint, Defendant ACCESS MD, LLC respectfully requests that the Court enter judgment in favor of Defendant ACCESS MD, LLC and against Plaintiff, providing that the Complaint be dismissed as to Defendant ACCESS MD, LLC, and that all costs of this action be assessed against Plaintiff.

## AFFIRMATIVE DEFENSES

1. As and for Defendant's First Affirmative Defense, Defendant states that Plaintiff's Complaint fails to state a claim against Defendant ACCESS MD, LLC upon which relief can be granted.

{00807423.DOCX / }

2. As and for Defendant's Second Affirmative Defense, Defendant states that Plaintiff does not owe any money to Defendant ACCESS MD, LLC, or to Trinity, on account of any educational loans, or otherwise. Accordingly, there is no debt that is due and owing from Plaintiff to Defendant, or to Trinity, that could be discharged, or excepted from discharge, in Plaintiff's Chapter 7 bankruptcy case, through the adjudication of this adversary proceeding. Therefore, Plaintiff's Complaint against Defendant ACCESS MD, LLC is due to be dismissed.

3. As and for Defendant's Third Affirmative Defense, Defendant states that Defendant hereby incorporates, by reference, any other and further Affirmative Defense identified and made known through the course of discovery in this matter, and reserves the right to so amend its Affirmative Defenses.

WHEREFORE, having fully answered the Complaint, Defendant ACCESS MD, LLC respectfully requests that the Court enter judgment in favor of Defendant ACCESS MD, LLC and against Plaintiff, providing that the Complaint be dismissed as to Defendant ACCESS MD, LLC, and that all costs of this action be assessed against Plaintiff.

Respectfully submitted, this 15th day of September, 2016.

| | |
|---|---|
| */s/ Stephen C. Greenberg* | */s/ Thomas H. Riske* |
| Stephen C. Greenberg | Thomas H. Riske |
| Georgia Bar No. 307740 | Missouri Bar No. 61838MO |
| TAYLOR ENGLISH DUMA LLP | DESAI EGGMANN MASON LLC |
| 1600 Parkwood Circle, Suite 400 | 7733 Forsyth Boulevard, Suite 800 |
| Atlanta, Georgia 30339 | St. Louis, Missouri 63105 |
| Telephone: (770)434-6868 | Telephone: (314)881-0800 |
| Facsimile: (770)434-7376 | Facsimile: (314)881-0820 |
| E-mail: sgreenberg@taylorenglish.com | E-mail: triske@demlawllc.com |
| | *Attorneys for Defendant ACCESS MD, LLC* |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served the foregoing *Answer of Defendant Access MD, LLC* via electronic transmission through the Court's CM/ECF system and by placing copies of same in the United States Mail with adequate postage affixed thereon to insure delivery, addressed as follows:

> Harry D. Boul, Esq.
> Boul & Associates, P.C.
> One E. Broadway, Suite B
> Columbia, Missouri 65203
> Counsel for Plaintiff
>
> John C. Ekman
> Campbell Mithun Tower, Suite 2000
> 222 South Ninth Street
> Minneapolis, MN 55402
> Counsel for Defendant ReliaMax Surety Co.

This 15th day of September, 2016.

> */s/ Thomas H. Riske*
> Thomas H. Riske
> Missouri Bar No. 61838MO

{00807423.DOCX / }