## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
## CENTRAL DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| ANDREW JASON DOPPELT, | ) | Case No. 16-20669 drd7 |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| Andrew Jason Doppelt, | ) | |
| | ) | |
| Plaintiff, | ) | Adversary Proceeding No. 16-02017-drd |
| vs. | ) | |
| | ) | |
| ReliaMax Surety Company, | ) | |
| | ) | |
| Defendant. | ) | |

## AMENDED COMPLAINT TO DETERMINE DISCHARGEABILITY OF EDUCATIONAL LOANS

COMES NOW the plaintiff, Andrew Jason Doppelt, Debtor in the above-styled chapter 7 bankruptcy proceeding, by and through his undersigned counsel, and for his Amended Complaint, states and avers the following:

### Preliminary Statement

1.  Plaintiff brings this action to obtain a Court determination that the exceptions to discharge set forth in 11 U.S.C. § 523(a)(8) do not apply to his student loans.

### Jurisdiction and Venue

2.  This is a proceeding to determine the dischargeability of debts, and to obtain a declaratory judgment relating to the dischargeability of debts.   It is therefore an adversary proceeding under Rules (6) and (9) of the Federal Rules of Bankruptcy Procedure.

3.  This is a core proceeding under 28 U.S.C. § 157(b)(2)(I), over which this Court has

1

jurisdiction pursuant to 28 U.S.C. §§ 157(a) and (b)(1), and a civil proceeding arising in a case

under Title 11, over which this Court has jurisdiction under 28 U.S.C. § 1334(b).

4.  Venue is proper under 28 U.S.C. § 1409(a).

## Parties

5.  Upon information and belief, Defendant ReliaMax Surety Company (ReliaMax) is the

current holder of, and successor in interest to, all of Plaintiff's educational loans.

## Service of Process and Notice

6.  Defendant ReliaMax has intervened in this case and waived service of process.

## Plaintiff's Educational Loans

7.  From 2009 to 2012, Plaintiff attended and completed a course of medical studies at Trinity

School of Medicine, where he graduated with a degree in medicine.

8.  To finance his studies at Trinity School of Medicine, Plaintiff obtained educational loans

from Trinity School of Medicine, Century Security Bank, Community Bank of the Cumberlands

and SouthEast Bank & Trust.

9.  Counsel for Defendant ReliaMax has advised the undersigned counsel for Plaintiff that the

total of unpaid balances of Plaintiff's educational loans held by ReliaMax is approximately

$356,122.95, and Plaintiff is willing to agree that, for purposes of this proceeding, that amount is

accurate.

10. Trinity School of Medicine is an offshore private educational institution, with its primary

campus in Kingstown, St. Vincent, West Indies.   At all times when Plaintiff obtained his

educational loans and attended Trinity School of Medicine, the school was accredited only by a

Caribbean Accreditation Authority and the National Accreditation Board of the Government of St.

Vincent and the Grenadines.

11. None of the above-mentioned original lenders is a governmental unit or nonprofit

institution, and none of Plaintiff's educational loans was funded in whole or in part by any

governmental unit or nonprofit institution.

## Legal Authorities

12. <u>Applicable Statutory Provision:</u>    11 U.S.C. § 523(a)(8) provides exceptions to discharge

for three types of debts.    Those exceptions are set forth in the following subsections:

> (A)(i) an educational benefit overpayment or loan made, insured, or
> guaranteed by a governmental unit, or made under any program
> funded in whole or in part by a governmental unit or nonprofit
> institution; or

> (A)(ii) an obligation to repay funds received as an educational
> benefit, scholarship or stipend, or

> (B) any other educational loan that is a qualified education loan, as
> defined in section 221(d)(1) of the Internal Revenue Code of 1986,
> incurred by a debtor who is an individual.

13. <u>Burden of Proof:</u>    The burden to establish that an education loan is a "qualified education

loan" as defined in § 221(d)(1) of the Internal Revenue Code is on the lender.    *In re Rumer*, 469

B.R. 553, 562 (Bankr. M.D. Pa. 2012).    *In re Brown*, 539 B.R. 853, 857(Bankr. S.D. 2015).

14. <u>Standard of Proof:</u>    To establish that a debt is excepted from discharge under § 523(a), the

creditor must prove the necessary elements by clear and convincing evidence.    *Matter of Van

Horne*, 823 F.2d 1285, 1287 (8th Cir. 1987).    *In re Garner*, 881 F.2d 579, 581-582 (8th Cir.

1989).

15. <u>Applicable Rule of Construction:</u>    Exceptions to discharge must be interpreted narrowly.

*Kawaauhau v. Geiger*, 523 U.S. 57, 62, 118 S.Ct. 974, 140, 140 L.Ed.2d 90 (1998).    *Matter of*

3

*Van Horne, supra,* pp. 1287-88.

## **Basis for Claim of Nondischargeability**

16. Plaintiff submits that his educational loans do not fall within any of the three exceptions to discharge provided in section 523(a)(8), for the following reasons:

(a)    The loans do not fall within the first exception, § 523(a)(8)(A)(i), because that exception applies only to loans made, insured or guaranteed by a governmental unit, or made under a program funded in whole or in part by a governmental unit or nonprofit institution. None of the Plaintiff's lenders was a governmental unit or nonprofit institution.   Nor were any of the loans insured or guaranteed by a governmental unit, or made under any program funded in part by a governmental institution.

(b) The loans do not fall within the second exception, § 523(a)(8)(A)(ii), because that exception applies only to educational benefits scholarships or stipends.   None of Plaintiff's loans constitute an educational benefit,[1] scholarship or stipend.

(c) The loans do not fall qualify under the third exception, § 523(a)(8)(B), because that exception applies only to a loan that is a "qualified education loan," as defined in § 221(d)(1) of the Internal Revenue Code.   The following paragraphs demonstrate that none of Plaintiff's loans is a "qualified education loan," as defined in said IRC provision.

## **IRC Definition of Qualified Education Loan**

17. IRC § 221(d)(1) defines the term, "qualified education loan" as a debt incurred by the

---

1. Plaintiff submits that the better reasoned cases hold that he term "educational benefit" contained in 523(a)(8)(A)(ii) does not encompass loans.   The term appears to be limited to benefits, such as scholarships or grants "that must be repaid only on certain conditions (like the failure of a medical student grant recipient to practice in a physician shortage area after graduation.)"   *In re Scott*, 287 B.R. 470, 474 (Bankr. E.D. Mo. 2002), *In re Decena*,   pp. 10-12, Case No. Adv. Proc. 15-8275-reg (E.D. N.Y. 2016).

4

taxpayer to pay "qualified higher education expenses."

18. IRC § 221(d)(2) provides that the words, "qualified higher education expenses" mean the cost of attendance at an "eligible educational institution."

19. IRC § 25A(f)(2) defines "eligible educational institution" as (A) an institution described in section 481 of the Higher Education Act of 1965 (20 U.S.C. § 1088), and (B) which is eligible to participate in a program under Title IV of such Act.

20. When said loans were made, Trinity Medical School was not eligible to participate in a program under Title IV of the Higher Education Act of 1965 (20 U.S.C. § 1088), and was therefore not an "eligible educational institution" within the meaning of IRC § 25(A)(f)(2).   For that reason alone, any loan to attend that school was not a "qualified education loan" under IRC § 221(d)(1).

21. The institution described in 20 U.S.C. § 1088 is described in subsection (b) as one that offers an "eligible program."   Subsections (b)(1) and (b)(2)(A) describe the requirements applicable to a professional program, such as medical school.   Those requirements include, *inter alia*, a verified placement rate of at least 70 percent, as determined in accordance with the regulations of the Secretary [of Education].

22. When said loans were made, Trinity Medical School did not have a verified placement rate of at least 70 percent, as determined in accordance with the regulations of the Secretary of Education, and therefore failed to meet the requirements of an "eligible program," as defined by 20 U.S.C. § 1088.

23. Therefore, none of loans held by Defendant is a "qualified education loan," within the meaning of 11 U.S.C. § 523(a)(8)(B).

## **CONCLUSION**

24. It follows that none of said loans qualify for exception to discharge under any of the three subsections to 11 U. S. C. § 523(a)(8).

WHEREFORE, Plaintiff prays that this Court enter an Order determining that Plaintiff's obligations to Defendant ReliaMax Surety Company do not fall within the exceptions to discharge provided by 11 U.S.C. § 523(a)(8), and are dischargeable in Plaintiff's underlying chapter 7 bankruptcy proceeding, and for such other Orders as the Court shall deem meet and just in the premises.

BOUL & ASSOCIATES, P.C.

Dated: September 24, 2016

    /s/   Harry D. Boul
Harry D. Boul, MoBar #23181
One E. Broadway, Ste. B
Columbia, MO 65203
Phone: 573-443-7000
Fax: 573-449-6554
E-mail: hboul@earthlink.net

ATTORNEYS FOR PLAINTIFF
ANDREW JASON DOPPELT

6