# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
## CENTRAL DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Case No. 16-20669 drd7 |
| ANDREW JASON DOPPELT, ) | |
| ) | |
| Debtor ) | |
| ) | |
| Andrew Jason Doppelt, ) | |
| ) | |
| Plaintiff, ) | Adversary Case No. 16-02017-drd |
| ) | |
| vs. ) | |
| ) | |
| ReliaMax Surety Company, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## DEFENDANT'S ANSWER TO AMENDED COMPLAINT TO DETERMINE DISCHARGEABILITY OF EDUCATIONAL LOANS

COMES NOW ReliaMax Surety Company ("ReliaMax"), by and through counsel, and for its Answer to Plaintiff's Amended Complaint to Determine Dischargeability of Educational Loans (the "Complaint") respectfully states as follows:

### PRELIMINARY STATEMENT

1.      The allegations in paragraph 1 are merely a summary of Plaintiff's claims to which no response is required. To the extent a response is required, ReliaMax denies them.

### JURISDICTION AND VENUE

2.      The allegations in paragraph 2 are merely a summary of Plaintiff's claims to which no response is required. To the extent a response is required, ReliaMax denies them.

3.      Admit. Further answering, ReliaMax states that, pursuant to Local Bankruptcy Rule 7001-1, ReliaMax believes that this proceeding is both statutorily and constitutionally core.

4.      Admit.

## PARTIES

5.      ReliaMax lacks sufficient information to admit or deny the allegations in paragraph 5, so it therefore denies them. Further answering, ReliaMax admits that it is the holder of multiple loans taken out by Plaintiff in connection with his medical education.

## SERVICE OF PROCESS AND NOTICE

6.      Admit.

## PLAINTIFF'S EDUCATIONAL LOANS

7.      ReliaMax admits that Plaintiff attended and completed a course of medical studies at Trinity School of Medicine. On information and belief, all other allegations are denied.

8.      Deny. Further answering, ReliaMax admits that Plaintiff obtained an educational loan funded by Century Security Bank, which has an outstanding balance of $67,490.39. ReliaMax admits that Plaintiff obtained multiple loans through the Edsouth Medical Loan program that were funded by Community Bank of the Cumberlands and originally insured by Educational Services of America, which have outstanding balances totaling $288,632.56. On information and belief, ReliaMax admits that Plaintiff obtained a loan or loans directly from Trinity School of Medicine.

9.      ReliaMax admits that the unpaid balances of Plaintiff's educational loans it holds total $365,122.95.

10.      ReliaMax admits the allegations in the first sentence of paragraph 10. ReliaMax lacks sufficient information to admit or deny the allegations in the second sentence of paragraph 10, so it therefore denies them.

11.      Deny.

## LEGAL AUTHORITIES

12. The allegations in paragraph 12 state conclusions of law to which no response is required. To the extent a response is required, ReliaMax denies them.

13. The allegations in paragraph 13 state conclusions of law to which no response is required. To the extent a response is required, ReliaMax denies them.

14. The allegations in paragraph 14 state conclusions of law to which no response is required. To the extent a response is required, ReliaMax denies them.

15. The allegations in paragraph 15 state conclusions of law to which no response is required. To the extent a response is required, ReliaMax denies them.

## BASIS FOR NONDISCHARGEABILITY

16. ReliaMax denies the allegations in paragraph 16 and its subsections.

## IRC DEFINITION OF QUALIFIED EDUCATION LOAN

17. The allegations in paragraph 17 state conclusions of law to which no response is required. To the extent a response is required, ReliaMax denies them.

18. The allegations in paragraph 18 state conclusions of law to which no response is required. To the extent a response is required, ReliaMax denies them.

19. The allegations in paragraph 19 state conclusions of law to which no response is required. To the extent a response is required, ReliaMax denies them.

20. On information and belief, deny.

21. The allegations in paragraph 21 state conclusions of law to which no response is required. To the extent a response is required, ReliaMax denies them.

22. On information and belief, deny.

23. Deny.

## CONCLUSION

24. Deny.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred by doctrines of laches, estoppel, unclean hands, waiver and unjust enrichment.

3. Plaintiff's claims are barred by fraud.

4. To the extent that Plaintiff's claim relies on statements not contained within the four corners of the contract documents, they are barred by the statute of frauds.

5. ReliaMax reserves the right to assert such other and further affirmative defenses as may be determined as a result of discovery in this case.

WHEREFORE, having fully answered, defendant ReliaMax Surety Company respectfully requests that the Court dismiss Plaintiff's Amended Complaint, that Plaintiff take nothing hereunder, that ReliaMax be awarded its costs herein, and for such other and further relief as the Court deems appropriate under the circumstances.

Respectfully submitted,

THE OLSEN LAW FIRM, LLC

/s/ Jill D. Olsen
Jill D. Olsen   MO #49835
118 N. Conistor Ln, Suite B #290
Liberty, MO  64068
(816) 521-8811  Phone
(816) 278-9493  Fax
E-mail: jill@olsenlawkc.com
ATTORNEY FOR RELIAMAX SURETY COMPANY