IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| ANDREW JASON DOPPELT, | ) | Case No. 16-20669 drd7 |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| Andrew Jason Doppelt, | ) | |
| | ) | |
| Plaintiff, | ) | Adversary Proceeding No. 16-02017-drd |
| vs. | ) | |
| | ) | |
| ReliaMax Surety Company, | ) | |
| | ) | |
| Defendant. | ) | |

**SECOND AMENDED COMPLAINT
TO DETERMINE DISCHARGEABILITY OF EDUCATIONAL LOANS**

COMES NOW the plaintiff, Andrew Jason Doppelt, Debtor in the above-styled chapter 7 bankruptcy proceeding, by and through his undersigned counsel, and for his Second Amended Complaint, states and avers the following:

**Preliminary Statement**

1. Plaintiff brings this action to obtain a declaratory judgment by this Court determining that the exceptions to discharge set forth in 11 U.S.C. § 523(a)(8) do not apply to the educational loans Plaintiff owes to Defendant.   Plaintiff is not seeking a hardship discharge.

**Jurisdiction and Venue**

2. This is a proceeding to determine the dischargeability of debts, and to obtain a declaratory judgment relating to the dischargeability of debts.   It is therefore an adversary proceeding under Rules (6) and (9) of the Federal Rules of Bankruptcy Procedure.

1

3. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I), over which this Court has jurisdiction pursuant to 28 U.S.C. §§ 157(a) and (b)(1), and a civil proceeding arising in a case under Title 11, over which this Court has jurisdiction under 28 U.S.C. § 1334(b).

4. There is a genuine dispute between the parties, which is a justiciable controversy under the Declaratory Judgment Act (28 U.S.C. § 2201), because there is a split of authority among the reported cases considering the dischargeability of debts such as the ones involved in this case, and the parties disagree concerning the dischargeability of such debts.   Plaintiff is therefore in need of a determination of the issue by this Court in order to prevent post-bankruptcy collection efforts by Defendant and litigation that would otherwise inevitably ensue.

5. Venue is proper under 28 U.S.C. § 1409(a).

**Parties**

6. Upon information and belief, Defendant ReliaMax Surety Company (ReliaMax) is the current holder of, and successor in interest to, all of Plaintiff's educational loans.

**Service of Process and Notice**

7. Defendant ReliaMax has waived service of process.

**Plaintiff's Educational Loans**

8. From 2009 to 2012, Plaintiff attended and completed a course of medical studies at Trinity School of Medicine, where he graduated with a degree in medicine.

9. To finance his studies at Trinity School of Medicine, Plaintiff obtained educational loans from Trinity School of Medicine, Century Security Bank, Community Bank of the Cumberlands and SouthEast Bank & Trust.

10. Counsel for Defendant ReliaMax has advised the undersigned that the total of unpaid

balances of Plaintiff's educational loans held by ReliaMax is approximately $356,122.95, and Plaintiff is willing to agree that, for purposes of this proceeding, that amount is accurate.

11. Trinity School of Medicine is an offshore private educational institution, with its primary campus in Kingstown, St. Vincent, West Indies.   At all times when Plaintiff obtained his educational loans and attended Trinity School of Medicine, the school was accredited only by a Caribbean Accreditation Authority and the National Accreditation Board of the Government of St. Vincent and the Grenadines.

12. None of the above-mentioned original lenders is a governmental unit or nonprofit institution, and none of Plaintiff's educational loans was funded in whole or in part by any governmental unit or nonprofit institution.

## Legal Authorities

13. <u>Applicable Statutory Provision:</u>   11 U.S.C. § 523(a)(8) provides exceptions to discharge for three types of debts.   Those exceptions are set forth in the following subsections:

> (A)(i) an educational benefit overpayment or loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution; or
>
> (A)(ii) an obligation to repay funds received as an educational benefit, scholarship or stipend, or
>
> (B) any other educational loan that is a qualified education loan, as defined in section 221(d)(1) of the Internal Revenue Code of 1986, incurred by a debtor who is an individual.

14. <u>Burden of Proof:</u>   The burden to establish that a loan is a "qualified education loan" as defined in § 221(d)(1) of the Internal Revenue Code is on the lender.   *In re Rumer*, 469 B.R. 553, 561 (Bankr. M.D. Pa. 2012).

15. <u>Standard of Proof:</u>  To establish that a debt is excepted from discharge under § 523(a), the creditor must prove the necessary elements by a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991).

16. <u>Applicable Rule of Construction:</u>  Exceptions to discharge must be interpreted narrowly against the creditor and in favor of the debtor. *In re Geiger*, 523 U.S. 57, 62, 118 S.Ct. 974, 140, 140 L.Ed.2d 90 (1998).

### Basis for Claim of Dischargeability

17. Plaintiff submits that his educational loans do not fall within any of the three exceptions to discharge provided in section 523(a)(8), for the following reasons:

(a)  The loans do not fall within the first exception, § 523(a)(8)(A)(i), because that exception applies only to loans made, insured or guaranteed by a governmental unit, or made under a program funded in whole or in part by a governmental unit or nonprofit institution. None of the Plaintiff's lenders was a governmental unit or nonprofit institution.  Nor were any of the loans insured or guaranteed by a governmental unit, or made under any program funded in part by a governmental unit or nonprofit institution.

(b) The loans do not fall within the second exception, § 523(a)(8)(A)(ii), because that exception applies only to educational benefits scholarships or stipends.  None of Plaintiff's loans constitute an educational benefit, scholarship or stipend within the meaning of this subsection.

Although there is a split of authority on the interpretation of the term, "educational benefit," Plaintiff submits that the better reasoned cases hold that it does not encompass loans. The term should be limited to benefits such as scholarships or grants "that must be repaid only

4

on certain conditions (like the failure of a medical student grant recipient to practice in a physician shortage area after graduation.)." *In re Scott*, 287 B.R. 470, 474 (Bankr. E.D. Mo. 2002). *In re Nunez*, 527 B.R. 410 (Bankr. Or. 2015). *In re Campbell*, 547 B.R. 49 (E.D. N.Y. 2016). *In re Decena*,  pp. 10-12, Case No. Adv. Proc. 15-8275-reg (E.D. N.Y. 2016). *In re Jones*, 242 B.R. 441, 443-444 (Bankr. W.D. Tenn. 1999). *In re McClure*, 210 B.R. 985, 988 (Bankr. N.D. Tenn. 1997). *In re Meinhart*, 211 B.R. 750 (Bankr. D. Colo. 1997).[1]

(c) The loans do not qualify under the third exception, § 523(a)(8)(B), because that exception applies only to a loan that is a "qualified education loan," as defined in § 221(d)(1) of the Internal Revenue Code. The following paragraphs demonstrate that none of Plaintiff's loans is a "qualified education loan," as defined in said IRC provision.

### IRC Definition of Qualified Education Loan

18. IRC § 221(d)(1) defines the term, "qualified education loan" as a debt incurred by the taxpayer to pay "qualified higher education expenses."

19. IRC § 221(d)(2) provides that the words, "qualified higher education expenses" mean the cost of attendance at an "eligible educational institution."

20. IRC § 25A(f)(2) defines "eligible educational institution" as (A) an institution described in section 481 of the Higher Education Act of 1965 (20 U.S.C. § 1088), and (B) which is eligible to participate in a program under Title IV of such Act.

---

[1]. Cases interpreting "educational benefits" broadly include: *In re Skipworth*, No. 09-83982-JAC-7 2010 (Bankr. N.D. Ala. Apr. 1, 2010). *In re Roy,* No. 08–33318, 2010 WL 1523996, at *1 (Bankr.D.N.J.) Apr. 15, 2010). *In re Carow,* No. ADV 10–7011, 2011 WL 802847, at *4–5 (Bankr.D.N.D. Mar. 2, 2011). *In re Corbin,* 506 B.R. 287 (Bankr. W.D. Wash. 2014). *In re Baiocchi*, 389 B.R. 828, 831-832 (Bankr. E. D. Wis. 2008) [conditional reimbursement]. *In re Burks*, 244, F.3d 1245 (11th Cir. 2001) [conditional grant]. *In re Goldstein*, No. 11-81255-MGD, 2012 WL 7009707 (Bankr. N.D. Ga. Nov. 26, 2012). *In re Rumer*, 469 B.R. 553 (Bankr. W.D. Pa. 2012) [substitutes "loan" for "obligation to repay funds"]. *In re Belforte*, Adv. P. No. 11-1008 (Bankr. Mass. 2012) [substitutes "loan" for "obligation to repay funds"]. *In re Beesley,* No. ADV 12–2444–CMB, 2013 WL 5134404, at *3 (Bankr.W.D.Pa. Sept. 13, 2013). *In re Maas*, 497 B.R. 863 (Bankr. W.D. Mich. 2013). *In re Brown,* 539 B.R. 853 (Bankr. S.D. Cal. 2015).

21. When said loans were made, Trinity Medical School was not eligible to participate in a program under Title IV of the Higher Education Act of 1965 (20 U.S.C. § 1088), and was therefore not an "eligible educational institution" within the meaning of IRC § 25(A)(f)(2). For that reason alone, any loan to attend that school was not a "qualified education loan" under IRC § 221(d)(1).

22. The institution described in 20 U.S.C. § 1088 is described in subsection (b) as one that offers an "eligible program." Subsections (b)(1) and (b)(2)(A) describe the requirements applicable to a professional program, such as medical school. Those requirements include, *inter alia*, a verified placement rate of at least 70 percent, as determined in accordance with the regulations of the Secretary [of Education].

23. When said loans were made, Trinity Medical School did not have a verified placement rate of at least 70 percent, as determined in accordance with the regulations of the Secretary of Education, and therefore failed to meet the requirements of an "eligible program," as defined by 20 U.S.C. § 1088.

24. Therefore, none of loans held by Defendant is a "qualified education loan," within the meaning of 11 U.S.C. § 523(a)(8)(B).

## CONCLUSION

25. It follows that none of said loans qualify for exception to discharge under any of the three subsections to 11 U.S.C. § 523(a)(8).

WHEREFORE, Plaintiff prays that this Court enter a declaratory judgment determining that Plaintiff's obligations to Defendant ReliaMax Surety Company do not fall within the exceptions to discharge provided by 11 U.S.C. § 523(a)(8), and are dischargeable in Plaintiff's underlying chapter 7 bankruptcy proceeding, and for such other Orders as the Court shall deem

meet and just in the premises.

                                                      BOUL & ASSOCIATES, P.C.

Dated: November 28, 2016                   /s/    Harry D. Boul
                                                      Harry D. Boul, MoBar #23181
                                                      One E. Broadway, Ste. B
                                                      Columbia, MO 65203
                                                      Phone: 573-443-7000
                                                      Fax: 573-449-6554
                                                      E-mail: hboul@earthlink.net

                                                      ATTORNEYS FOR PLAINTIFF
                                                      ANDREW JASON DOPPELT