# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Case No. 16-20669 drd7 |
| ANDREW JASON DOPPELT, ) | |
| ) | |
| Debtor ) | |
| ) | |
| ) | |
| Andrew Jason Doppelt, ) | |
| ) | |
| Plaintiff, ) | Adversary Case No. 16-02017-drd |
| ) | |
| vs. ) | |
| ) | |
| ReliaMax Surety Company, ) | |
| ) | |
| Defendant. ) | |
| ) | |

### DEFENDANT'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT TO DETERMINE DISCHARGEABILITY OF EDUCATIONAL LOANS

COMES NOW ReliaMax Surety Company ("ReliaMax"), by and through counsel, and for its Answer to Plaintiff's Second Amended Complaint to Determine Dischargeability of Educational Loans (the "Complaint") respectfully states as follows:

### PRELIMINARY STATEMENT

1. The allegations in paragraph 1 are merely a summary of Plaintiff's claims to which no response is required. Further answering, ReliaMax affirmatively states that one or more exceptions to discharge set forth in 11 U.S.C § 523(a)(8) apply to Plaintiff's educational loans.

### JURISDICTION AND VENUE

2. The allegations in paragraph 2 are merely a summary of Plaintiff's claims to which no response is required. To the extent a response is required, ReliaMax denies them.

3. Admit. Further answering, ReliaMax states that, pursuant to Local Bankruptcy Rule 7001-1, ReliaMax believes that this proceeding is both statutorily and constitutionally core.

4. ReliaMax admits that there is a genuine dispute between the parties with respect to the dischargeability of Plaintiff's educational loans and that a determination of dischargeability is needed by the Court. Plaintiff's remaining allegations in Paragraph 4 state conclusions of law to which no response is required. To the extent a response is required, ReliaMax denies them.

5. Admit.

## PARTIES

6. ReliaMax lacks sufficient information to admit or deny the allegations in paragraph 6, so it therefore denies them. Further answering, ReliaMax admits that it is the holder of multiple loans taken out by Plaintiff in connection with his medical education.

## SERVICE OF PROCESS AND NOTICE

7. ReliaMax admits that it has waived service of process with respect to this Second Amended Complaint.

## PLAINTIFF'S EDUCATIONAL LOANS

8. ReliaMax admits that Plaintiff attended and completed a course of medical studies at Trinity School of Medicine. On information and belief, all other allegations are denied.

9. Deny. Further answering, ReliaMax admits that Plaintiff obtained an educational loan funded by Century Security Bank, which has an outstanding balance of $67,490.39. ReliaMax also admits that Plaintiff obtained multiple loans through the Edsouth EdMed Private Education Loan Program, which loans have outstanding balances totaling $288,632.56. On

2

information and belief, ReliaMax admits that Plaintiff obtained a loan or loans directly from Trinity School of Medicine.

10.  ReliaMax admits that the unpaid balances of Plaintiff's educational loans it holds total $356,122.95.

11.  ReliaMax admits the allegations in the first sentence of paragraph 11. ReliaMax lacks sufficient information to admit or deny the allegations in the second sentence of paragraph 11, so it therefore denies them.

12.  Deny.

## LEGAL AUTHORITIES

13.  The allegations in paragraph 13 state conclusions of law to which no response is required.  ReliaMax admits that Plaintiff has correctly recited the provisions in 11 U.S.C. § 523(a)(8).

14.  The allegations in paragraph 14 state conclusions of law to which no response is required.  To the extent a response is required, ReliaMax denies them.

15.  The allegations in paragraph 15 state conclusions of law to which no response is required.  To the extent a response is required, ReliaMax denies them.

16.  The allegations in paragraph 16 state conclusions of law to which no response is required.  To the extent a response is required, ReliaMax denies them.

## BASIS FOR NONDISCHARGEABILITY

17.  ReliaMax denies the allegations in paragraph 17 and its subsections.

## IRC DEFINITION OF QUALIFIED EDUCATION LOAN

18.  The allegations in paragraph 18 state conclusions of law to which no response is required.  To the extent a response is required, ReliaMax denies them.

19. The allegations in paragraph 19 state conclusions of law to which no response is required. To the extent a response is required, ReliaMax denies them.

20. The allegations in paragraph 20 state conclusions of law to which no response is required. To the extent a response is required, ReliaMax denies them.

21. On information and belief, deny.

22. The allegations in paragraph 22 state conclusions of law to which no response is required. To the extent a response is required, ReliaMax denies them.

23. On information and belief, deny.

24. Deny.

## **CONCLUSION**

25. Deny.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred by doctrines of laches, estoppel, unclean hands, waiver and unjust enrichment.

3. Plaintiff's claims are barred by fraud.

4. To the extent that Plaintiff's claims rely on statements not contained within the four corners of the contract documents, they are barred by the statute of frauds.

5. ReliaMax reserves the right to assert such other and further affirmative defenses as may be determined as a result of discovery in this case.

WHEREFORE, having fully answered, defendant ReliaMax Surety Company respectfully requests that the Court dismiss Plaintiff's Second Amended Complaint, that Plaintiff

take nothing hereunder, that ReliaMax be awarded its costs herein, and for such other and further relief as the Court deems appropriate under the circumstances.

>Respectfully submitted,
>
>THE OLSEN LAW FIRM, LLC
>
>  /s/ Jill D. Olsen
>Jill D. Olsen   MO #49835
>118 N. Conistor Ln, Suite B #290
>Liberty, MO  64068
>(816) 521-8811  Phone
>(816) 278-9493  Fax
>E-mail: jill@olsenlawkc.com
>ATTORNEY FOR RELIAMAX SURETY COMPANY

## Certificate of Service

The undersigned certifies that a true and correct copy of the above and foregoing was served electronically via the Court's EM/ECF system to the parties listed below and those requesting notice thereon on the 28th day of December, 2016.

Harry D. Boul
Boul & Associates, P.C.
One E. Broadway, Suite B
Columbia, MO  65203
ATTORNEY FOR PLAINTIFF

>   /s/ Jill D. Olsen
>Jill D. Olsen

5